**Terry E. MARLER, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner
Social Security, Defendant.**

**No. CV 95–394 H (POR).**

United States District Court,
S.D. California.

Dec. 15, 1995.

---

Terry Eugene Marler, San Diego, CA, Plaintiff in Pro Per.

Tom Stahl, Assistant United States Attorney, San Diego, CA, for Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

HUFF, District Judge.

Plaintiff Terry Eugene Marler appeals the decision of the Administrative Law Judge who denied his application for Social Security Income Benefits. Defendant, the Commissioner of Social Security, opposes plaintiff's request for summary judgment and urges affirmance of the decision below in her request for summary judgment.

Having reviewed the papers submitted by the parties, the court denies the plaintiff's motion for summary judgment and affirms the Administrative Law Judge's denial of benefits to plaintiff.

## BACKGROUND

The plaintiff, Terry Eugene Marler, is a forty nine year old man with a high school education and three years of college education. (Tr. 12, 43–44). Following his college years, Marler worked as a telemarketing representative, an insurance agent and a newspaper advertisement salesman. (Tr. 12, 44–45). After suffering a fall in which he broke his hip and underwent surgery, plaintiff has complained of headaches and severe pain in his right hip, right leg, back and neck, all of which inhibited Marler's ability to walk. (Tr. 12, 53–55, 95–99).

On December 18, 1991, plaintiff filed for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. (Tr. 63–66). 42 U.S.C. § 405(g). The commissioner denied plaintiff's original application for SSI; the reconsideration of that application fared no better and was also denied. (Tr. 68–71, 75–77). Plaintiff requested a hearing before an Administrative Law Judge (ALJ) and waived his right to appear at that hearing. (Tr. 78, 117). After considering the evidence the ALJ determined that plaintiff was not disabled. (Tr. 117–120). The Appeals Council reviewed the case pursuant to Marler's request, remanded the case, and ordered a new hearing. (Tr. 30–32).

The ALJ held a hearing in which he evaluated the case *de novo* on July 12, 1994. (Tr. 35–62). Marler appeared at the hearing. *Id.* On October 24, 1994, after reviewing the evidence, which included an examinations by Dr. Tom Thomas, Dr. Ian MacMorran, and Dr. Scott Richards, the ALJ found that Marler was not disabled. (Tr. 12–17). Marler

appealed the decision to the Appeals Council which adopted the decision of the ALJ. (Tr. 3–6). Marler filed a complaint in this court challenging the ALJ's decision to deny his SSI benefits.

## DISCUSSION

Ninth Circuit case law limits the scope of this court's review to two bases: in reviewing the ALJ's decision, this court "may set aside the denial of benefits only [1] if it is not supported by substantial evidence or [2] if it is based on legal error." *Flaten v. Sec'y of HHS,* 44 F.3d 1453, 1457 (9th Cir.1995). Under this framework of review, the term "substantial evidence" is defined as "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.; see Tylitzki v. Shalala,* 999 F.2d 1411, 1413 (9th Cir.1993). More simply, if a review of the evidence supports the ALJ's decision without error it the application of the law, this court must accept it. *Flaten,* 44 F.3d at 1457; *see Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

## A. THE EVIDENCE SUPPORTS THE ADMINISTRATIVE LAW JUDGE'S FINDINGS

The evidence presented to and considered by the ALJ supports the decision to deny Marler benefits. The ALJ reviewed evaluations of Marler by several doctors and determined that Marler's impairments, "do not meet or equal any of the criteria contained in the Listing of Impairments of Appendix 1, Subpart P, Regulations No. 4." (Tr. 12). The reports filed by Doctors Thomas, Mac-Morran, and Richards were detailed and thorough in their evaluations.

First, the ALJ noted the orthopedic examination of plaintiff by Dr. Tom Thomas. (Tr. 13, 95–99) Dr. Thomas evaluated Marler's condition and conducted a complete orthopedic exam. *Id.* Dr. Thomas concluded as follows:

> Marler does not require an aid for ambulation. He can occasionally lift and/or carry up to 50 lbs., frequently lift and/or carry up to 25 lbs., stand and/or work about 6 hrs., sit about 6 hrs., push/pull unlimited.

(Tr. 99). Dr. Thomas did not note any other impairments or physical limitations. *Id.*

The ALJ also considered the examination of Marler by Dr. Ian MacMorran, a Diplomate on the American Board of Orthopedic Surgery. (Tr. 13, 137–47). After conducting a thorough examination of Marler, Dr. Mac-Morran found no evidence of arthritis or degenerative spondylosis. (Tr. 137–43). In fact, Dr. MacMorran found no objective evidence which supported Marler's subjective complaints of pain. *Id.* The doctor found that Marler could work in the sitting position for six hours out of an eight hour shift, would be able to walk and stand for about one hour before needing a ten minute break, and could work in the standing and walking position for approximately five hours out of an eight hour shift. (Tr. 144).

Next, the ALJ reviewed Marler's psychiatric evaluation by Dr. Scott B. Richards. (Tr. 14, 148–153). Dr. Richards examined Marler and concluded that plaintiff did not possess any mental deficits or abnormalities. (Tr. 150). He found that Marler "is able to tolerate the regular stressors that accompany the maintaining of gainful employment" and did not recommend any psychiatric treatment for Marler. *Id.*

Against this great weight of medical evidence, the court discounted "a conclusory statement from the San Diego Country [sic] Department of Social Services [noting] that [Marler] was determined to be unemployable for general relief purposes from July 1, 1994 through September 1994[.]" (Tr. 14). Neither the doctor's statement, a report detailing any examination of Marler, nor the name of the doctor appear in the record or along with the social services form. (Tr. 14, 136).

After evaluating all of this evidence, including Marler's complaints of pain, the ALJ concluded that Marler maintained the "residual functional capacity to sit for up to 6 hours, . . . to stand or walk for up to 5 hours, with intermittent breaks, . . . to lift or carry at least 20 pounds occasionally, as well as 10 pounds frequently." (Tr. 14). The ALJ also determined that Marler lacks any mental impairment. *Id.* Consequently, the ALJ found that Marler could work as a telemark-

eter as he had in the past. (Tr. 15–16). This conclusion is supported by plaintiff's current activities as a volunteer for "Travel Council." (Tr. 46–48).

■ Plaintiff attacks these findings on several grounds, each of which the court finds unpersuasive. First, Marler attacks the ALJ as being biased. (Pl. Statement in Support of Summary Judgment, at 1–2; Reply at 1). To substantiate such a claim, Marler must overcome a presumption of honesty and integrity afforded the ALJ. *See Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975). Apart from plaintiff's bare allegations of bias, the record reflects no evidence of any bias sufficient to rebut the presumption of honesty and integrity.

Second, Marler claims that he never waived his right to the initial hearing. He claims that any statement to the contrary "is either a lie ... or a perjurice [sic] statement in endorsement [sic] of an administrative law judge." (Pl. Reply at 1). At page 78 of the transcript submitted to the court appears Marler's "Request for Hearing." On that page, plaintiff checked the box which stated "I do *not* wish to appear at a hearing. I request that a decision be made on the basis of the evidence in my case." (Tr. 78) (emphasis in original). In any event, the issue of waiver cannot affect the outcome of this matter because a second hearing was held subsequent to the hearing in question and Marler appeared and testified at the subsequent hearing. (Tr. 10–17).

Next, plaintiff claims that he submitted documents from a doctor in support of his medical disability but the ALJ "disregarded [it] because the doctor submitting the data was not caucasian." (Reply at 2). The record does not reflect any such submissions. In addition, Marler's claims of racial animus find no support in the record. Consequently, the court rejects Marler's claims that he submitted medical documents other than those reflected in the record.

■ Finally, plaintiff attaches another form from the Social Services Department of the County of San Diego along with his response. As a court reviewing the decision of the ALJ, the court does not consider additional evidence set forth at this late date. Nevertheless, even if the court accepted Marler's submission, it would not change the accuracy of the ALJ's decision. The Social Services Form, a one page "report", discusses plaintiff's broken hip and finds Marler unemployable through December 1995 for the purposes of receiving General Relief from the County of San Diego. Such conclusions do not upset the ALJ's findings, supported by three doctors, that Marler is not disabled within the meaning of the Social Security Act.

After reviewing the entire record under the lens mandated by *Flaten, supra,* this court finds that substantial evidence supports the findings of the ALJ.

## B. THE ADMINISTRATIVE LAW JUDGE APPLIED THE LAW CORRECTLY

Equally unavailing to plaintiff is his claim that the ALJ failed to give the proper weight to the medical evidence. In most circumstances, any conflict of evidence resolved by the commissioner "must be upheld where there is more than one rational interpretation of the evidence." *Sprague v. Bowen,* 812 F.2d 1226, 1230 (9th Cir.1987). The ALJ weighed the thorough reports of two orthopedic surgeons and a board certified psychiatrist more heavily than the conclusory statement found on a social services form. (Tr. 14–16). The court finds the ALJ's evaluation of this testimony both specific and legitimate. *See Andrews v. Shalala,* 53 F.3d 1035, 1042 (9th Cir.1995); *see also* 20 C.F.R. § 416.927(d).

■ Finally, although not raised by Marler, this Court finds that the ALJ properly discounted plaintiff's subjective complaints of pain. Under *Bunnell v. Sullivan,* an ALJ can find a claimant's allegations of severe pain not credible as long as he makes specific findings which support that conclusion. *Bunnell,* 947 F.2d 341, 344–45 (9th Cir.1991). After evaluating the reports of Drs. Thomas, MacMorran, and Richards, the ALJ found no clinical findings that supported Marler's complaints of pain to the degree alleged. (Tr. 14). Similarly, the evidence did not show that Marler was taking any pain medication

with a potency consistent with his alleged pain; he only took aspirin. *Id.*, at 14–15. The ALJ also discredited Marler's complaints based on his daily activities, including performing volunteer work for the Travel Council. *Id.* Finally, none of the physicians found that Marler's impairments, either alone or in concert, constitute a disability that would preclude Marler from full time work. (Tr. 14, 95–101, 137–153).

Overall, this Court finds that the ALJ articulated his rulings clearly and the record supports his conclusion. Accordingly, this court denies plaintiff's motion for reversal and remand and grant's defendant's motion for summary judgment.

IT IS SO ORDERED.